## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREA M. UBALDI, on behalf of herself and all others similarly situated,<br><br>                Plaintiff(s),<br><br><br>            -against-<br><br>NEWPORT BEACH LAW GROUP, APLC, BEN POURCHO, ESQ; TRINITY FINANCIAL SERVICES, LLC; and JOHN DOES 1-25,<br><br>            Defendant(s). | Civil Case Number: _____<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff, ANDREA M. UBALDI, on behalf of herself and all others similarly situated (hereinafter "Plaintiff") by and through her undersigned attorney, alleges against the above-named Defendants; NEWPORT BEACH LAW GROUP, APLC ("NEWPORT"); BEN POURCHO, ESQ. ('POURCHO'); TRINITY FINANCIAL SERVICES, LLC ("TRINITY"); JOHN DOES 1-25, their employees, agents, and successors (collectively "Defendants") the following:

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq.*

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person, a resident of Essex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      NEWPORT is a law firm, which list a location at 120 Tustin Avenue, Suite C, #1125, Newport Beach, CA 92663.

8.      POURCHO is an attorney admitted to practice law in the State of California and resides in Newport Beach, CA.

9.      TRINITY is a limited liability company with office located at 2618 San Miguel Drive, Suite 303, Newport Beach, CA 92660.

10.     Upon information and belief, each Defendant uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11.     Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

12.     John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## AGENCY ALLEGATIONS

13.     Plaintiff is informed and believes and thereon alleges that all times herein mentioned each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendant.

## CLASS ACTION ALLEGATIONS

14.     Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

15.     This Action is properly maintained as a class action. The Class is initially defined as:

- All New Jersey consumers who were sent letters and/or notices from NEWPORT concerning a debt owned by TRINITY, which included the alleged conduct and practices described herein.

### *AND/OR*

All New Jersey consumers who were sent letters and/or notices from TRINITY after TRINITY knew or should have known that such consumers were represented by an attorney.

The class definition may be subsequently modified or refined.

The Class period begins one year to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice.  (*See* **Exhibit A**, and **Exhibit B**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

  a.     Whether the Defendants violated various provisions of the FDCPA including but not limited to:

  15 U.S.C. §§ 1692e; 1692e(3); 1692e(5); and 1692e(10); 1692g *et seq.*

  b.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

  c.     Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

      d.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender.  Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.     Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15.     On or about December 14, 2006, Plaintiff allegedly incurred a financial obligation to Lehman Brothers Bank, FSB ("LEHMAN").

16.     The LEHMAN obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.     The LEHMAN obligation did not arise out of a transaction that was for business purposes.

18.     The LEHMAN obligation was secured with a mortgage on Plaintiff's real property.

19.     The LEHMAN obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.     LEHMAN is a "creditor" as defined by 15 U.S.C. § 1692a(4).

21.     The last payment made by Plaintiff on the LEHMAN obligation was on or about September 1, 2008.

22.     Plaintiff defaulted on the LEHMAN obligation he she failed to make the payment due on October 1, 2008.

23.     On or about August 28, 2015, TRINITY received the ownership and servicing rights to the LEHMAN obligation.

24. At the time the LEHMAN obligation was received by and/or sold to TRINITY, the LEHMAN obligation was in default.

25. TRINITY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

26. On or before December 21, 2017, TRINITY referred the LEHMAN obligation to NEWPORT for the purpose of collections.

27. At the time TRINITY referred the LEHMAN obligation to NEWPORT, the obligation was past due.

28. At the time TRINITY referred the LEHMAN obligation to NEWPORT, the LEHMAN obligation was in default.

29. NEWPORT is a "debt collector" as defined by 15 U.S.C. § 1692a(6)

30. POURCHO is the Partner and Managing Attorney of NEWPORT.

31. POURCHO is not admitted to practice law in the State of New Jersey.

32. POURCHO is the sole partner of NEWPORT.

33. NEWPORT is not licensed to practice law in New Jersey.

34. No attorney employed by NEWPORT was licensed to practice law in New Jersey as of December 21, 2017.

35. Defendants caused to be delivered to Plaintiff a letter dated December 21, 2017, which was addressed to Plaintiff.  **Exhibit A,** which is fully incorporated herein by reference.

36. No attorney employed by NEWPORT, licensed to practice law in New Jersey as of December 21, 2017, reviewed the Plaintiff's account or any supporting documentation prior to the December 21, 2017 letter being sent to Plaintiff.

37. The December 21, 2017 letter was sent to Plaintiff in connection with the collection of the LEHMAN obligation.

38.    The December 21, 2017 letter on first page stated in part:

# Newport Beach
# Law Group

**Attorneys and Counselors at Law**
120 Tustin Avenue, Suite C,#1125 Newport Beach, CA 92663
Office Number: 866-318-3321
Fax Number: 855-631-4155
Email: ben@ newportbeachlawgroup.com
Website: www.newportbeachlawQroup.com

**LAW FIRM SPECIALIZING IN NATIONWIDE REAL ESTATE & FORECLOSURE LAW**


December 21, 2017

Andrea M. Ubaldi
XXXXXXXXXX
XXXXXXXXXX


## <u>SENT VIA UPS W/DELIVERY CONFIRMATION</u>

## <u>IMMEDIATE ACTION REQUIRED</u>

.................................................................

Andrea M. Ubaldi:

This letter shall serve as **<u>formal notice that you are in default</u>** under the terms of the Note and Mortgage/Deed of Trust creating your loan, and formal notice that your lender, Trinity Financial Services, LLC may initiate foreclosure proceedings against you *immediately* under the Mortgage/Deed of Trust if you fail to cure your default within the time period stated below. [emphasis added].

Newport Beach Law Group is legal counsel retained by Trinity Financial Services, LLC the owner and holder of the Mortgage/Deed of Trust and Note on the above-referenced property. Trinity Financial Services, LLC is also the servicer of said Mortgage/Deed of Trust and Note. The originator of the subject

loan was **LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK;**
our client, Trinity Financial Services, LLC now owns the loan. Newport Beach
Law Group is a law firm acting in the capacity of a debt collector.

39.     The December 21, 2017 letter on second page stated in part:

Your  loan is in default  because you failed  to make  the payment due on October
01, 2008, and  all subsequent payments thereafter. **The amount required to cure
the default and  reinstate your loan is $10149448.(Attached hereto  as Exhibit
"A"). Additionally, your total  balance due  is $193,543.50. (Attached hereto
as Exhibit "B"). At a minimum, you must pay   your  reinstatement amount
on or before  January 11,2018, in certified funds made  payable to Trinity
Financial Services, LLC. But as Stated above, we are authorized  to extend
you a 10%  discount of your  total  balance if paid on or before January
11,2018. If this significant 10%  discount is not received by close of business
day on January 11, 2018 the foregoing offer  is null and void and the total
balance due of $193,543,50 will be reinstated and continue to increase**.

40.     The December 21, 2017 letter on second page further stated:

**Failure to respond  with 21 days from the date of this letter (January 11,
2018)** will leave this office no other option than to advise Trinity Financial
Services, LLC to commence the foreclosure process against your property.... But
the attorneys at Newport Beach Law Group can't help you if we don't hear form
you.

Failure to cure the default on or before the date specified in this notice may result
in acceleration of the sums secured by this security instrument, foreclosure by
judicial proceeding and sale of the property.  Immediate payment in full may be
required without further notice or demand.

Lender shall be entitled to collect all expenses incurred in pursuing the remedies
provided in Paragraphs 7, 13, 17, 18 and 19 of the Mortgage/Deed of Trust
including, but not limited to, reasonable attorneys' fees, court costs, costs of
documenting evidence, abstracts, title reports, and any other related costs in
connection with the borrower's default.

41.     The December 21, 2017 letter is signed by Defendant:

                        Ben Pourcho, Esq.
                        Partner and Managing Attorney
                        Newport Beach Law Group, APLC

42.     The following statements are located at the bottom of the December 21, 201

letter:

> **This law firm may be deemed a "debt collector" under the Fair Debt Collection Practices Act. Any information obtained will be used for the purposes of collecting that debt.**

### THIS IS A COMMUNICATION FROM A DEBT COLLECTOR

UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL YOU A COPY OF SUCH VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR.

43.     Attached to the December 21, 2017 letter are Exhibit A and Exhibit B.

44.     Exhibit A, attached to the December 21, 2017 letter is a print out of the Plaintiff's

account.

45.      Exhibit B, attached to the December 21, 2017 letter is a payoff statement.

46.     On receipt of the December 21, 2017, Plaintiff read the letter.

47.     The overall impression that Defendants' collection letters, the same or substantially

similar to the December 21, 2017 letter, gives to Plaintiff and other similarly situated is that of

potential legal action.

48.     Defendants' collection letters, the same or substantially similar to Defendants'

December 21, 2017 letter, falsely imply that an attorney, acting as an attorney, is meaningfully

involved in collecting the consumer debts at issue. A copy of said disputed is annexed hereto as

**Exhibit B**.

49.     On January 7, 2018, Plaintiff through her undersigned attorney disputed the debt, via facsimile to (855) 631-4155 and First Class Mail.

50.     On January 12, 2018, TRINITY mailed to Plaintiff a letter and certain documents. A copy of said letter is annexed hereto as **Exhibit C**.

51.     The January 12, 2018 letter from TRINITY to Plaintiff stated in part:

> As requested in your fax correspondence to Newport Beach Law Group, APLC on January 7, 2018, please find the enclosed documents:

52.     The January 12, 2018 letter from TRINITY to Plaintiff further stated:

> If you want is to help you rectify this situation, please call me directly at (855) 818-6806 to discuss available options.
>
>                  ...................
>
> **THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

53.     At the time TRINITY sent the January 12, 2018, it knew that Plaintiff was represented by an attorney.

54.     At the time TRINITY sent the January 12, 2018, it should have known that Plaintiff was represented by an attorney.

55.     The FDCPA prohibits a debt collector from falsely representing or implying that any individual is an attorney or that any communication is from an attorney if, in fact, no attorney was meaningfully involved in collecting the debt. *See* Martsolf v. JBC Legal Group, P.C., 2008 U.S. Dist. LEXIS 6876, 2008 WL 275719 (M.D. Pa. Jan. 30, 2008); Lesher v. Law Offices of Mitchell N. Kay, PC, 650 F.3d 993 (3rd Cir. 2011); and 15 U.S.C. § 1692e(3).

56.     Defendants' December 21, 2017 letter that was sent to Plaintiff and others similarly situated does not comply with the FDCPA.  *See* Smith v. Michael Harrison, Esquire, 2008 U.S.

Dist. LEXIS 51685 (D.N.J. July 7, 2008); <u>Lesher v. Law Offices of Mitchell N. Kay, PC</u>, 650 F.3d 993 (3rd Cir. 2011).

57.    The December 21, 2017 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

### POLICIES AND PRACTICES COMPLAINED OF

58.    It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, and **Exhibit C**, which violate the FDCPA, by *inter alia*:

(a)    Using false, deceptive or misleading representations or means in connection with the collection of a debt;

(b)    Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c)    Using unfair or unconscionable means to collect or attempt to collect any debt;

(d)    Making a false representation of the character or amount of the debt;

(e)    Failing to effectively provide notice pursuant to 15 U.S.C §169g(a) et seq.,

59.    On information and belief, Defendants sent written communications in the form annexed hereto as **Exhibit A**, to at least 40 natural persons in the State of New Jersey with one year of this Complaint.

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

60.    Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

61.     Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

62.     The form, layout and content of Defendants' letter would cause the least sophisticated consumer to be confused about his or her rights.

63.     Section 1692g of the FDCPA states the following in relevant part:

(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--

***
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(b) Disputed debts

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. *Any collection activities and*

> *communication during the 30-day period may not overshadow or be*
> *inconsistent with the disclosure of the consumer's right to dispute the*
> *debt or request the name and address of the original creditor.*
> [emphasis added].

64. Certain language in the December 21, 2017 letter, overshadows and is inconsistence with the required notices pursuant to 15 U.S.C. §1692g(a) *et seq*.

65. Such language includes but is not limited to:

## <u>IMMEDIATE ACTION REQUIRED</u>

which is on the first page and is the largest font in the entire letter.

66. Such language further includes but is not limited to:

> This letter shall serve as **<u>formal notice that you are in</u>** **<u>default</u>** under the terms of the Note and Mortgage/Deed of Trust creating your loan, and formal notice that your lender, Trinity Financial Services, LLC may initiate foreclosure proceedings against you *immediately* under the Mortgage/Deed of Trust if you fail to cure your default within the time period stated below. [emphasis added].

> **<u>Failure to respond with 21 days from the date of this letter</u>** **<u>(January 11, 2018)</u>** will leave this office no other option than to advise Trinity Financial Services, LLC to commence the foreclosure process against your property.... But the attorneys at Newport Beach Law Group can't help you if we don't hear form you.

> Failure to cure the default on or before the date specified in this notice may result in acceleration of the sums secured by this security instrument, foreclosure by judicial proceeding and sale of the property.  Immediate payment in full may be required without further notice or demand.

67. Defendants violated Section 1692g(a)(3) because the language set forth above in paragraphs 66 and 67, would cause the least sophisticated consumer to be unsure and confused as to how much time she has to dispute the debt.

68.     Defendants violated Section 1692g(a) *et seq.*, because the language set forth above in paragraphs 66 and 67, would cause the least sophisticated consumer to believe that legal action will commence within the thirty day (30) day validation period, overshadows the validation notices.

69.     Defendants violated Section 1692g(a)(3) because the language set forth above in paragraphs 66 and 67, would cause the least sophisticated consumer to believe that she must dispute the debt within 21 days from the date of the December 21, 2017 letter.

70.     Defendants violated Section 1692g(a)(3) because the language set forth above in paragraphs 66 and 67, would cause the least sophisticated consumer to be unsure and confused as to whether she has to dispute the debt within 21 days from the date of the December 21, 2017 letter or within 30 days after receipt of the December 21, 2017 letter.

71.     Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempts to collect debts from Plaintiff and others similarly situated.

72.     Defendant violated 15 U.S.C. § 1692e of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

73.     Section 1692e(3) of the FDCPA prohibits a debt collector from falsely representing or implying that any communication is from an attorney.

74.     Defendant violated 15 U.S.C. § 1692 et seq., § 1692e and § 1692e(3) of the FDCPA by causing Plaintiff and others similarly situated to be confused as to whether Defendant was acting as an attorney in their collection attempts and whether Defendant's collection letters implied potential legal action.

75.     Defendant violated 15 U.S.C. § 1692e and § 1692e(3) of the FDCPA by making a false, deceptive, or misleading representation in its collection letters to Plaintiff and others similarly situated regarding their level of meaningful attorney involvement.

76.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action that cannot legally be taken.

77.     Defendants' December 21, 2017 letter violated 15 U.S.C. §1692e(5) by falsely implying that a lawsuit could be instituted by NEWPORT.

78.     Defendants' December 21, 2017 letter violated 15 U.S.C. §1692e(5) by falsely implying that the NEWPORT has been retained to file a lawsuit against Plaintiff.

79.     Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

80.     Defendant violated 15 U.S.C. §1692e(10) by falsely representing that an attorney was meaningfully involved in the collection process and by falsely implying that NEWPORT was retained to file a lawsuit against Plaintiff.

81.     Defendant further violated 15 U.S.C. §1692e(10) because the December 21, 2017 letter fails to properly inform the least sophisticated consumer that to effectively dispute the alleged debt.

82.     The least sophisticated consumer upon reading the instructions in the December 21, 2017 letter would be misled into believing that if he or she wished to effectively dispute the alleged debt or any portion thereof, he or she must (1) respond to NEWPORT with 21 days from the date of the December 21, 2017 letter; or (2) notify NEWPORT within 30 days of receipt of the December 21, 2017 letter.

83.     Defendant further violated 15 U.S.C. §1692e(10) because the December 21, 2017 letter implies that TRINITY *shall be* entitled to certain to collect certain expenses, should Plaintiff fail to cure the default within 21 days of receipt of the December 21, 2017 letter, when such expense must be applied for and award by a court of competent jurisdiction.

84.      15 U.S.C. §1692c(a)(2) provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt --

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer..

85.     TRINITY violated 15 U.S.C. §1692c(a)(2) by sending a letter dated January 12, 2018, directly to Plaintiff, when it knew or should have known that Plaintiff was represented by an attorney.

86.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

87.     Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

88.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

89.     Plaintiff and others similarly situated were sent letters, which have the propensity to affect their decision-making with regard to the debt.

90.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

91.     Plaintiff has suffered damages and other harm as a direct result of the Defendants'
actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and
certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., as Class
Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys'
fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court
may deem just and proper.

Dated: February 18, 2018

_s/ Joseph K. Jones_
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue, Suite 100
Fairfield, New Jersey 07004
(973) 227-5900 telephone
(973) 244-0019 facsimile
jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

*s/ Joseph K. Jones*

Joseph K. Jones, Esq.

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 18, 2018

*s/ Joseph K. Jones*

Joseph K. Jones, Esq.

# Exhibit

# A



**Newport Beach Law Group**

Attorneys and Counselors at Law
120 Tustin Avenue, Suite C, #1125
Newport Beach, CA 92663
Office Number: 866-318-3321
Fax Number: 855-631-4155
Email: ben@newportbeachlawgroup.com
Website: www.newportbeachlawgroup.com

**LAW FIRM SPECIALIZING IN NATIONWIDE REAL ESTATE & FORECLOSURE LAW**

December 21, 2017

Andrea M. Ubaldi

▉▉▉▉▉▉▉▉▉▉▉▉

**SENT VIA UPS W/DELIVERY CONFIRMATION**

## IMMEDIATE ACTION REQUIRED ·

RE:   Property located at:

▉▉▉▉▉▉▉▉▉▉
Your Loan Number: ▉▉▉▉▉▉
Lender: Trinity Financial Services, LLC
Servicer: Trinity Financial Services, LLC

Andrea M. Ubaldi:

This letter shall serve as **formal notice that you are in default** under the terms of the Note and Mortgage/Deed of Trust creating your loan, and formal notice that your lender, Trinity Financial Services, LLC may initiate foreclosure proceedings against you immediately under the Mortgage/Deed of Trust if you fail to cure your default within the time period stated below.

Newport Beach Law Group is legal counsel retained by Trinity Financial Services, LLC the owner and holder of the Mortgage/Deed of Trust and Note on the above-referenced property. Trinity Financial Services, LLC is also the servicer of said Mortgage/Deed of Trust and Note. The originator of the subject loan was **LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK**; our client, Trinity Financial Services, LLC now owns the loan. Newport Beach Law Group is a law firm acting in the capacity of a debt collector.

We are instructed by our client, in connection with the sum outstanding shown below:

| | |
|---|---|
| Payments from 10/1/2008 to 1/1/2018 with interest accrued | **$96,225.92** |
| Contractual Late Fees | **$4,768.56** |
| Attorneys' Fees and Costs | **$500.00** |
| TOTAL TO REINSTATE | **$101,494.48** |
| TOTAL BALANCE DUE | **$193,543.50** |

**However, as a one-time courtesy, we have been authorized to extend you a 10% discount of the total balance due totaling $174,189.15 to be paid on or before January 11, 2018, in certified funds. If payment is received by lender after January 11, 2018,** please contact Newport Beach Law Group to obtain any additional amounts owed.

Your loan is in default because you failed to make the payment due on October 01, 2008, and all subsequent payments thereafter. **The amount required to cure the default and reinstate your loan is $101,494.48. (Attached hereto as Exhibit "A"). Additionally, your total balance due is $193,543.50. (Attached hereto as Exhibit "B"). At a minimum, you must pay your reinstatement amount on or before January 11, 2018, in certified funds made payable to Trinity Financial Services, LLC. But as stated above, we are authorized to extend you a 10% discount of your total balance if paid on or before January 11, 2018. If this significant 10% discount is not received by close of business day on January 11, 2018, the foregoing offer is null and void, and the total balance due of $193,543.50 will be reinstated and continue to increase.**

**Failure to respond within 21 days from the date of this letter (January 11, 2018)** will leave this office no other option than to advise Trinity Financial Services, LLC to commence the foreclosure process against your property. We understand that no one is perfect, and that your default may be the result of extenuating circumstances. Accordingly, your lender understands that situations arise, and it is willing to work with you. But the attorneys at Newport Beach Law Group can't help you if we don't hear from you.

Please make your payment made payable to Trinity Financial Services, LLC. Upon deposit of said funds, a receipt will be mailed to you. Please remember to reference your loan number to the following address either by way of Fed Ex, UPS or USPS, and email the tracking number to **ben@newportbeachlawgroup.com**

Newport Beach Law Group
c/o Ben Pourcho, Esq., Managing Partner
120 Tustin Ave., Suite C, #1125
Newport Beach, CA 92663

Failure to cure the default on or before the date specified in this notice may result in acceleration of the sums secured by this security instrument, foreclosure by judicial proceeding and sale of the property. Immediate payment in full may be required without further notice or demand.

Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in Paragraphs 7, 13, 17, 18 and 19 of the Mortgage/Deed of Trust including, but not limited to, reasonable attorneys' fees, court costs, costs of documenting evidence, abstracts, title reports, and any other related costs in connection with the borrower's default.

Pursuant to Paragraph 19 of the Mortgage/Deed of Trust, you gave lender the right to the assignments of leases and rents if you are in default. Upon acceleration, lender or its agents are entitled to enter upon, take possession of and manage the property and to collect the rents of the property including past due rents.

You have the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, lender at its option may require immediate payment in full of all sums secured by the Mortgage/Deed of Trust and Note without further demand and may foreclose on the Mortgage and Note in accordance with Paragraphs 16 and 17 of the Mortgage/Deed of Trust. You will also continue to be responsible for any additional fees and costs that continue to accrue since you are in default. Therefore, it would be in your best interest to reinstate your loan at this time to avoid any additional fees including, but not limited to, attorneys' fees, various costs and to avoid foreclosure on your property.

Sincerely,

Ben Pourcho, Esq.
Partner and Managing Attorney
Newport Beach Law Group, APLC

BP:nh
Enclosures

**Pursuant to Section 106 of the Housing and Urban Development Act of 1968, you may have the right to receive counseling or may qualify for other loan counseling regarding the retention of your home from various local agencies. You may secure a list of the agencies by contacting the Department of Housing and Urban Development at (800) 569-4287, or please visit the following website to see a list of available HUD Counselors in Borrower's area: http://www.hud.gov/offices/hsg/stb/hcc/hcs.cfmweblistaction=summary.**

**If your personal liability to repay this debt was discharged through a Chapter 7 Bankruptcy, then this notice is not an attempt to collect, recover or offset the debt as a personal liability. The lender is exercising its *in rem* rights.**

**This law firm may be deemed a "debt collector" under the Fair Debt Collection Practices Act. Any information obtained will be used for the purposes of collecting that debt.**

THIS IS A COMMUNICATION FROM A DEBT COLLECTOR
UNLESS YOU NOTIFY THIS OFFICE WITHIN THIRTY DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT OR ANY PORTION THEREOF, THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN THIRTY DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT AND MAIL YOU A COPY OF SUCH VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN THIRTY DAYS AFTER RECEIVING THIS

# Exhibit "A"

## LOAN REINSTATEMENT CALCULATION

| COMPANY |
|---|
| Trinity Financial Services, LLC<br>2618 San Miguel Drive, Suite 303<br>Newport Beach CA 92660<br>(855) 818-6806 |

| ACCOUNT NO. | ▮▮▮▮▮ |
|---|---|
| STATEMENT DATE | 12/20/2017 |

| SUMMARY | |
|---|---|
| Unpaid Installments | $96,225.92 |
| Accrued Late Charges | $4,768.56 |
| Unpaid Late Charges | $0.00 |
| Unpaid Charges | $500.00 |
| Unpaid Interest | $0.00 |
| **To Reinstate as of**<br>**1/1/2018, Please Pay:** | **$101,494.48** |
| Property: | |

| BORROWER |
|---|
| Andrea M. Ubaldi<br>▮▮▮▮▮ |

### ITEMIZATION OF UNPAID INSTALLMENTS

| Payment Due Date | Note Rate | Payment Amount | Apply To Principal | Apply To Interest | Apply To Trust | Other | Unpaid Interest | Unpaid Interest Balance | Principal Balance |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | Balance Forward: | $0.00 | $98,541.11 |
| 10/1/2008 | 9.750% | $859.16 | $58.51 | $800.65 | $0.00 | $0.00 | $0.00 | $0.00 | $98,482.60 |
| 11/1/2008 | 9.750% | $859.16 | $58.99 | $800.17 | $0.00 | $0.00 | $0.00 | $0.00 | $98,423.61 |
| 12/1/2008 | 9.750% | $859.16 | $59.47 | $799.69 | $0.00 | $0.00 | $0.00 | $0.00 | $98,364.14 |
| 1/1/2009 | 9.750% | $859.16 | $59.95 | $799.21 | $0.00 | $0.00 | $0.00 | $0.00 | $98,304.19 |
| 2/1/2009 | 9.750% | $859.16 | $60.44 | $798.72 | $0.00 | $0.00 | $0.00 | $0.00 | $98,243.75 |
| 3/1/2009 | 9.750% | $859.16 | $60.93 | $798.23 | $0.00 | $0.00 | $0.00 | $0.00 | $98,182.82 |
| 4/1/2009 | 9.750% | $859.16 | $61.42 | $797.74 | $0.00 | $0.00 | $0.00 | $0.00 | $98,121.40 |
| 5/1/2009 | 9.750% | $859.16 | $61.92 | $797.24 | $0.00 | $0.00 | $0.00 | $0.00 | $98,059.48 |
| 6/1/2009 | 9.750% | $859.16 | $62.43 | $796.73 | $0.00 | $0.00 | $0.00 | $0.00 | $97,997.05 |
| 7/1/2009 | 9.750% | $859.16 | $62.93 | $796.23 | $0.00 | $0.00 | $0.00 | $0.00 | $97,934.12 |
| 8/1/2009 | 9.750% | $859.16 | $63.45 | $795.71 | $0.00 | $0.00 | $0.00 | $0.00 | $97,870.67 |
| 9/1/2009 | 9.750% | $859.16 | $63.96 | $795.20 | $0.00 | $0.00 | $0.00 | $0.00 | $97,806.71 |
| 10/1/2009 | 9.750% | $859.16 | $64.48 | $794.68 | $0.00 | $0.00 | $0.00 | $0.00 | $97,742.23 |
| 11/1/2009 | 9.750% | $859.16 | $65.00 | $794.16 | $0.00 | $0.00 | $0.00 | $0.00 | $97,677.23 |
| 12/1/2009 | 9.750% | $859.16 | $65.53 | $793.63 | $0.00 | $0.00 | $0.00 | $0.00 | $97,611.70 |
| 1/1/2010 | 9.750% | $859.16 | $66.06 | $793.10 | $0.00 | $0.00 | $0.00 | $0.00 | $97,545.64 |
| 2/1/2010 | 9.750% | $859.16 | $66.60 | $792.56 | $0.00 | $0.00 | $0.00 | $0.00 | $97,479.04 |
| 3/1/2010 | 9.750% | $859.16 | $67.14 | $792.02 | $0.00 | $0.00 | $0.00 | $0.00 | $97,411.90 |
| 4/1/2010 | 9.750% | $859.16 | $67.69 | $791.47 | $0.00 | $0.00 | $0.00 | $0.00 | $97,344.21 |
| 5/1/2010 | 9.750% | $859.16 | $68.24 | $790.92 | $0.00 | $0.00 | $0.00 | $0.00 | $97,275.97 |
| 6/1/2010 | 9.750% | $859.16 | $68.79 | $790.37 | $0.00 | $0.00 | $0.00 | $0.00 | $97,207.18 |
| 7/1/2010 | 9.750% | $859.16 | $69.35 | $789.81 | $0.00 | $0.00 | $0.00 | $0.00 | $97,137.83 |
| 8/1/2010 | 9.750% | $859.16 | $69.92 | $789.24 | $0.00 | $0.00 | $0.00 | $0.00 | $97,067.91 |
| 9/1/2010 | 9.750% | $859.16 | $70.48 | $788.68 | $0.00 | $0.00 | $0.00 | $0.00 | $96,997.43 |
| 10/1/2010 | 9.750% | $859.16 | $71.06 | $788.10 | $0.00 | $0.00 | $0.00 | $0.00 | $96,926.37 |
| 11/1/2010 | 9.750% | $859.16 | $71.63 | $787.53 | $0.00 | $0.00 | $0.00 | $0.00 | $96,854.74 |
| 12/1/2010 | 9.750% | $859.16 | $72.22 | $786.94 | $0.00 | $0.00 | $0.00 | $0.00 | $96,782.52 |
| 1/1/2011 | 9.750% | $859.16 | $72.80 | $786.36 | $0.00 | $0.00 | $0.00 | $0.00 | $96,709.72 |
| 2/1/2011 | 9.750% | $859.16 | $73.39 | $785.77 | $0.00 | $0.00 | $0.00 | $0.00 | $96,636.33 |
| 3/1/2011 | 9.750% | $859.16 | $73.99 | $785.17 | $0.00 | $0.00 | $0.00 | $0.00 | $96,562.34 |
| 4/1/2011 | 9.750% | $859.16 | $74.59 | $784.57 | $0.00 | $0.00 | $0.00 | $0.00 | $96,487.75 |
| 5/1/2011 | 9.750% | $859.16 | $75.20 | $783.96 | $0.00 | $0.00 | $0.00 | $0.00 | $96,412.55 |
| 6/1/2011 | 9.750% | $859.16 | $75.81 | $783.35 | $0.00 | $0.00 | $0.00 | $0.00 | $96,336.74 |
| 7/1/2011 | 9.750% | $859.16 | $76.42 | $782.74 | $0.00 | $0.00 | $0.00 | $0.00 | $96,260.32 |
| 8/1/2011 | 9.750% | $859.16 | $77.04 | $782.12 | $0.00 | $0.00 | $0.00 | $0.00 | $96,183.28 |
| 9/1/2011 | 9.750% | $859.16 | $77.67 | $781.49 | $0.00 | $0.00 | $0.00 | $0.00 | $96,105.61 |
| 10/1/2011 | 9.750% | $859.16 | $78.30 | $780.86 | $0.00 | $0.00 | $0.00 | $0.00 | $96,027.31 |
| 11/1/2011 | 9.750% | $859.16 | $78.94 | $780.22 | $0.00 | $0.00 | $0.00 | $0.00 | $95,948.37 |
| 12/1/2011 | 9.750% | $859.16 | $79.58 | $779.58 | $0.00 | $0.00 | $0.00 | $0.00 | $95,868.79 |
| 1/1/2012 | 9.750% | $859.16 | $80.23 | $778.93 | $0.00 | $0.00 | $0.00 | $0.00 | $95,788.56 |
| 2/1/2012 | 9.750% | $859.16 | $80.88 | $778.28 | $0.00 | $0.00 | $0.00 | $0.00 | $95,707.68 |

## ITEMIZATION OF UNPAID INSTALLMENTS

| Payment Due Date | Note Rate | Payment Amount | Principal | Interest | Apply To Trust | Other | Unpaid Interest | Unpaid Interest Balance | Principal Balance |
|---|---|---|---|---|---|---|---|---|---|
| 3/1/2012 | 9.750% | $859.16 | $81.54 | $777.62 | $0.00 | $0.00 | $0.00 | $0.00 | $95,626.14 |
| 4/1/2012 | 9.750% | $859.16 | $82.20 | $776.96 | $0.00 | $0.00 | $0.00 | $0.00 | $95,543.94 |
| 5/1/2012 | 9.750% | $859.16 | $82.87 | $776.29 | $0.00 | $0.00 | $0.00 | $0.00 | $95,461.07 |
| 6/1/2012 | 9.750% | $859.16 | $83.54 | $775.62 | $0.00 | $0.00 | $0.00 | $0.00 | $95,377.53 |
| 7/1/2012 | 9.750% | $859.16 | $84.22 | $774.94 | $0.00 | $0.00 | $0.00 | $0.00 | $95,293.31 |
| 8/1/2012 | 9.750% | $859.16 | $84.90 | $774.26 | $0.00 | $0.00 | $0.00 | $0.00 | $95,208.41 |
| 9/1/2012 | 9.750% | $859.16 | $85.59 | $773.57 | $0.00 | $0.00 | $0.00 | $0.00 | $95,122.82 |
| 10/1/2012 | 9.750% | $859.16 | $86.29 | $772.87 | $0.00 | $0.00 | $0.00 | $0.00 | $95,036.53 |
| 11/1/2012 | 9.750% | $859.16 | $86.99 | $772.17 | $0.00 | $0.00 | $0.00 | $0.00 | $94,949.54 |
| 12/1/2012 | 9.750% | $859.16 | $87.69 | $771.47 | $0.00 | $0.00 | $0.00 | $0.00 | $94,861.85 |
| 1/1/2013 | 9.750% | $859.16 | $88.41 | $770.75 | $0.00 | $0.00 | $0.00 | $0.00 | $94,773.44 |
| 2/1/2013 | 9.750% | $859.16 | $89.13 | $770.03 | $0.00 | $0.00 | $0.00 | $0.00 | $94,684.31 |
| 3/1/2013 | 9.750% | $859.16 | $89.85 | $769.31 | $0.00 | $0.00 | $0.00 | $0.00 | $94,594.46 |
| 4/1/2013 | 9.750% | $859.16 | $90.58 | $768.58 | $0.00 | $0.00 | $0.00 | $0.00 | $94,503.88 |
| 5/1/2013 | 9.750% | $859.16 | $91.32 | $767.84 | $0.00 | $0.00 | $0.00 | $0.00 | $94,412.56 |
| 6/1/2013 | 9.750% | $859.16 | $92.06 | $767.10 | $0.00 | $0.00 | $0.00 | $0.00 | $94,320.50 |
| 7/1/2013 | 9.750% | $859.16 | $92.81 | $766.35 | $0.00 | $0.00 | $0.00 | $0.00 | $94,227.69 |
| 8/1/2013 | 9.750% | $859.16 | $93.56 | $765.60 | $0.00 | $0.00 | $0.00 | $0.00 | $94,134.13 |
| 9/1/2013 | 9.750% | $859.16 | $94.32 | $764.84 | $0.00 | $0.00 | $0.00 | $0.00 | $94,039.81 |
| 10/1/2013 | 9.750% | $859.16 | $95.09 | $764.07 | $0.00 | $0.00 | $0.00 | $0.00 | $93,944.72 |
| 11/1/2013 | 9.750% | $859.16 | $95.86 | $763.30 | $0.00 | $0.00 | $0.00 | $0.00 | $93,848.86 |
| 12/1/2013 | 9.750% | $859.16 | $96.64 | $762.52 | $0.00 | $0.00 | $0.00 | $0.00 | $93,752.22 |
| 1/1/2014 | 9.750% | $859.16 | $97.42 | $761.74 | $0.00 | $0.00 | $0.00 | $0.00 | $93,654.80 |
| 2/1/2014 | 9.750% | $859.16 | $98.21 | $760.95 | $0.00 | $0.00 | $0.00 | $0.00 | $93,556.59 |
| 3/1/2014 | 9.750% | $859.16 | $99.01 | $760.15 | $0.00 | $0.00 | $0.00 | $0.00 | $93,457.58 |
| 4/1/2014 | 9.750% | $859.16 | $99.82 | $759.34 | $0.00 | $0.00 | $0.00 | $0.00 | $93,357.76 |
| 5/1/2014 | 9.750% | $859.16 | $100.63 | $758.53 | $0.00 | $0.00 | $0.00 | $0.00 | $93,257.13 |
| 6/1/2014 | 9.750% | $859.16 | $101.45 | $757.71 | $0.00 | $0.00 | $0.00 | $0.00 | $93,155.68 |
| 7/1/2014 | 9.750% | $859.16 | $102.27 | $756.89 | $0.00 | $0.00 | $0.00 | $0.00 | $93,053.41 |
| 8/1/2014 | 9.750% | $859.16 | $103.10 | $756.06 | $0.00 | $0.00 | $0.00 | $0.00 | $92,950.31 |
| 9/1/2014 | 9.750% | $859.16 | $103.94 | $755.22 | $0.00 | $0.00 | $0.00 | $0.00 | $92,846.37 |
| 10/1/2014 | 9.750% | $859.16 | $104.78 | $754.38 | $0.00 | $0.00 | $0.00 | $0.00 | $92,741.59 |
| 11/1/2014 | 9.750% | $859.16 | $105.63 | $753.53 | $0.00 | $0.00 | $0.00 | $0.00 | $92,635.96 |
| 12/1/2014 | 9.750% | $859.16 | $106.49 | $752.67 | $0.00 | $0.00 | $0.00 | $0.00 | $92,529.47 |
| 1/1/2015 | 9.750% | $859.16 | $107.36 | $751.80 | $0.00 | $0.00 | $0.00 | $0.00 | $92,422.11 |
| 2/1/2015 | 9.750% | $859.16 | $108.23 | $750.93 | $0.00 | $0.00 | $0.00 | $0.00 | $92,313.88 |
| 3/1/2015 | 9.750% | $859.16 | $109.11 | $750.05 | $0.00 | $0.00 | $0.00 | $0.00 | $92,204.77 |
| 4/1/2015 | 9.750% | $859.16 | $110.00 | $749.16 | $0.00 | $0.00 | $0.00 | $0.00 | $92,094.77 |
| 5/1/2015 | 9.750% | $859.16 | $110.89 | $748.27 | $0.00 | $0.00 | $0.00 | $0.00 | $91,983.88 |
| 6/1/2015 | 9.750% | $859.16 | $111.79 | $747.37 | $0.00 | $0.00 | $0.00 | $0.00 | $91,872.09 |
| 7/1/2015 | 9.750% | $859.16 | $112.70 | $746.46 | $0.00 | $0.00 | $0.00 | $0.00 | $91,759.39 |
| 8/1/2015 | 9.750% | $859.16 | $113.61 | $745.55 | $0.00 | $0.00 | $0.00 | $0.00 | $91,645.78 |
| 9/1/2015 | 9.750% | $859.16 | $114.54 | $744.62 | $0.00 | $0.00 | $0.00 | $0.00 | $91,531.24 |
| 10/1/2015 | 9.750% | $859.16 | $115.47 | $743.69 | $0.00 | $0.00 | $0.00 | $0.00 | $91,415.77 |
| 11/1/2015 | 9.750% | $859.16 | $116.41 | $742.75 | $0.00 | $0.00 | $0.00 | $0.00 | $91,299.36 |
| 12/1/2015 | 9.750% | $859.16 | $117.35 | $741.81 | $0.00 | $0.00 | $0.00 | $0.00 | $91,182.01 |
| 1/1/2016 | 9.750% | $859.16 | $118.31 | $740.85 | $0.00 | $0.00 | $0.00 | $0.00 | $91,063.70 |
| 2/1/2016 | 9.750% | $859.16 | $119.27 | $739.89 | $0.00 | $0.00 | $0.00 | $0.00 | $90,944.43 |
| 3/1/2016 | 9.750% | $859.16 | $120.24 | $738.92 | $0.00 | $0.00 | $0.00 | $0.00 | $90,824.19 |
| 4/1/2016 | 9.750% | $859.16 | $121.21 | $737.95 | $0.00 | $0.00 | $0.00 | $0.00 | $90,702.98 |
| 5/1/2016 | 9.750% | $859.16 | $122.20 | $736.96 | $0.00 | $0.00 | $0.00 | $0.00 | $90,580.78 |
| 6/1/2016 | 9.750% | $859.16 | $123.19 | $735.97 | $0.00 | $0.00 | $0.00 | $0.00 | $90,457.59 |
| 7/1/2016 | 9.750% | $859.16 | $124.19 | $734.97 | $0.00 | $0.00 | $0.00 | $0.00 | $90,333.40 |
| 8/1/2016 | 9.750% | $859.16 | $125.20 | $733.96 | $0.00 | $0.00 | $0.00 | $0.00 | $90,208.20 |
| 9/1/2016 | 9.750% | $859.16 | $126.22 | $732.94 | $0.00 | $0.00 | $0.00 | $0.00 | $90,081.98 |
| 10/1/2016 | 9.750% | $859.16 | $127.24 | $731.92 | $0.00 | $0.00 | $0.00 | $0.00 | $89,954.74 |
| 11/1/2016 | 9.750% | $859.16 | $128.28 | $730.88 | $0.00 | $0.00 | $0.00 | $0.00 | $89,826.46 |
| 12/1/2016 | 9.750% | $859.16 | $129.32 | $729.84 | $0.00 | $0.00 | $0.00 | $0.00 | $89,697.14 |
| 1/1/2017 | 9.750% | $859.16 | $130.37 | $728.79 | $0.00 | $0.00 | $0.00 | $0.00 | $89,566.77 |
| 2/1/2017 | 9.750% | $859.16 | $131.43 | $727.73 | $0.00 | $0.00 | $0.00 | $0.00 | $89,435.34 |
| 3/1/2017 | 9.750% | $859.16 | $132.50 | $726.66 | $0.00 | $0.00 | $0.00 | $0.00 | $89,302.84 |
| 4/1/2017 | 9.750% | $859.16 | $133.57 | $725.59 | $0.00 | $0.00 | $0.00 | $0.00 | $89,169.27 |

## ITEMIZATION OF UNPAID INSTALLMENTS

| Payment Due Date | Note Rate | Payment Amount | Apply To | | | | | Unpaid Interest Balance | Principal Balance |
|---|---|---|---|---|---|---|---|---|---|
| | | | Principal | Interest | Trust | Other | Unpaid Interest | | |
| 5/1/2017 | 9.750% | $859.16 | $134.66 | $724.50 | $0.00 | $0.00 | $0.00 | $0.00 | $89,034.61 |
| 6/1/2017 | 9.750% | $859.16 | $135.75 | $723.41 | $0.00 | $0.00 | $0.00 | $0.00 | $88,898.86 |
| 7/1/2017 | 9.750% | $859.16 | $136.86 | $722.30 | $0.00 | $0.00 | $0.00 | $0.00 | $88,762.00 |
| 8/1/2017 | 9.750% | $859.16 | $137.97 | $721.19 | $0.00 | $0.00 | $0.00 | $0.00 | $88,624.03 |
| 9/1/2017 | 9.750% | $859.16 | $139.09 | $720.07 | $0.00 | $0.00 | $0.00 | $0.00 | $88,484.94 |
| 10/1/2017 | 9.750% | $859.16 | $140.22 | $718.94 | $0.00 | $0.00 | $0.00 | $0.00 | $88,344.72 |
| 11/1/2017 | 9.750% | $859.16 | $141.36 | $717.80 | $0.00 | $0.00 | $0.00 | $0.00 | $88,203.36 |
| 12/1/2017 | 9.750% | $859.16 | $142.51 | $716.65 | $0.00 | $0.00 | $0.00 | $0.00 | $88,060.85 |
| 1/1/2018 | 9.750% | $859.16 | $143.67 | $715.49 | $0.00 | $0.00 | $0.00 | $0.00 | $87,917.18 |
| | | $96,225.92 | $10,623.93 | $85,601.99 | $0.00 | $0.00 | $0.00 | | |

# Exhibit "B"



12/20/2017

Andrea M. Ubaldi

████████████████

Account: ████████

Dear Andrea M. Ubaldi

You are authorized to use the following amounts to payoff the above-mentioned loan.  All necessary legal documents will be forwarded to the trustee for Full Reconveyance upon receipt of payment in full.

| Payoff Date | 1/1/2018 |
|---|---|
| Maturity Date | 1/1/2022 |
| Next Payment Due | 10/1/2008 |
| Interest Rate | 9.750% |
| Interest Paid-To Date | 9/1/2008 |
| Principal Balance | $98,541.11 |
| Unpaid Interest | $0.00 |
| Accrued Interest From 9/1/2008 To 1/1/2018 | $89,733.83 |
| Unpaid Late Charges | $0.00 |
| Accrued Late Charges | $4,768.56 |
| Unpaid Charges   *For additional details see itemization attached | $500.00 |
| Prepayment Penalty | $0.00 |
| Other Fees *For additional details see itemization attached | $0.00 |
| Trust Balance | $0.00 |
| **Payoff Amount** | **$193,543.50** |

Please add **$26.32** for each additional day past **1/1/2018**.

We reserve the right to amend this demand should any changes occur that would increase the total amount for payoff.  **Please note that this demand expires on 1/18/2017**, at which time you are instructed to contact this office for additional instructions (DEMAND FORWARDING FEES ARE DUE EVEN UPON CANCELLATION OF YOUR ESCROW).

Make disbursement check payable to**: Trinity Financial Services, LLC**

Sincerely,

Loss Mitigation
Trinity Financial Services, LLC

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

**PLEASE SEE REVERSE SIDE OR SECOND PAGE FOR IMPORTANT NOTICES.**
**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**



**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or  www.ftc.gov

**Colorado Residents:**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE, WWW.COAG.GOV/CAR

**Constar Colorado Office: 2953 S Peoria St Suite 200 Aurora, CO 80014 303-500-5537 Hours: 9am – 5pm Monday through Friday**

**Massachusetts Residents:**
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to this agency.

**New York Residents:**
**This collection agency is licensed in New York City, License # 1223510.**

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.



**North Carolina Residents:**
North Carolina Department of Insurance Permit #112476.

**Tennessee Residents:**
This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, James Robertson Parkway, Nashville, Tennessee 37243.

**Texas Residents:**
Complaints regarding the servicing or your mortgage should be sent to the department of savings and mortgage lending, 2601 N. Lamar Blvd., suite 201, Austin TX 78705. A toll-free consumer hotline is available at (800) 276-5550."

**West Virginia Residents:**
The activities of collection agencies in West Virginia are regulated by the Attorney General's Consumer Protection Division, 812 Quarrier St., Charleston, WV 25301. Federal law prohibits agencies from contacting you about your debt if you send a letter requesting that all contacts stop.

**Wisconsin Residents:**
This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org. P.O. Box 7876, Madison, Wisconsin 53707.

**Utah Residents:**
As required by Utah law, you are hereby notified that a negative credit report reflecting on our credit report may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

**NOTICE TO DEBTOR(S) IN BANKRUPTCY:** This paragraph is a special notice to our customers who have filed a petition for protection under the United States Bankruptcy Code. Unless you have signed a reaffirmation agreement with the lender, and that agreement has been filed with the bankruptcy court (and not subsequently rescinded or disallowed in accordance with the Bankruptcy Code), you should disregard all portions of this letter which state or suggest that you still have a personal liability to pay the lender. You may wish to consult with an attorney regarding this letter, your bankruptcy and the ability of the lender to enforce its lien on collateral, if any. If you have obtained a discharge under the Bankruptcy Code this letter is for informational purposes or to protect our interests in any collateral.



| ITEMIZATION OF UNPAID CHARGES | | | | | |
|---|---|---|---|---|---|
| Date | Description | Interest Rate | Unpaid Balance | Accrued Interest | Total Due |
| 12/20/2017 | Attorney's Fees, 1st Demand Letter | 0.000% | $500.00 | $0.00 | $500.00 |
| | | | | Total | $500.00 |

| ITEMIZATION OF OTHER FEES | |
|---|---|
| Description | Amount |
| Demand Fee | $0.00 |
| Reconveyance Fee | $0.00 |
| Recording Fee | $0.00 |
| Forwarding Fee | $0.00 |
| Total | $0.00 |

# Exhibit

# B

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973

## Jones, Wolf & Kapasi
### LLC
**ATTORNEYS AT LAW**

Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†

††Admitted NY, NJ, CT
†Admitted NY, NJ

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019

www.legaljones.com

*Reply to:  New York*

January 7, 2018

Via Facsimile (855) 631-4155 and First Class Mail

Newport Beach Law Group, APLC
Attn: Ben Pourcho, Esq.
120 Tustin Avenue, Suite C, #1125
Newport Beach, CA 92663

         Re:    Andrea M. Ubaldi
             Loan No.: ███████

Dear Mr. Pourcho:

This firm has been retained to represent the interests of Andrea M. Ubaldi, relative to the above-referenced matter.

Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with Ms. Ubaldi.  Furthermore, Ms. Ubaldi hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to contact her on her mobile telephone, whether by calling, texting or emailing or to any facsimile device.

As provided for under 15 U.S.C. §1692g(b), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our New York office. Additionally, pursuant to 15 U.S.C. §1692e(8), if Newport Beach Law Group, APLC, is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

Your anticipated cooperation in this matter is appreciated.

Jones, Wolf & Kapasi, LLC

*/s/ Joseph K. Jones*
Joseph K. Jones
Attorney at Law

# Exhibit

# C



1/12/2018

Via UPS Mail

Andrea M. Ubaldi

▮▮▮▮▮▮▮▮

In re:          Borrower:      Andrea M. Ubaldi
                Property:      ▮▮▮▮▮▮▮▮

Dear Ms. Ubaldi:

     On August 28, 2015, Trinity Financial Services, LLC received the ownership and servicing rights to this loan originated with Lehman Brothers Bank, FSB, A Federal Savings Bank.

     As requested in your fax correspondence to Newport Beach Law Group, APLC on January 7, 2018, please find the enclosed documents:

1. Mortgage dated December 14, 2006
2. Secondary Mortgage Loan dated December 14, 2006
3. Recorded Corporate Assignment of Mortgage
4. Payoff & Reinstatement Calculations

The outstanding amount as of 2/1/2018 of this loan is **$194,402.46.** It is our desire to work with you amicably to attain a mutually acceptable arrangement to satisfy this account. If you want us to help you rectify this situation, please call me directly at (855) 818-6806 to discuss available options.

If you have any questions, do not hesitate to contact me.

David Vo
Loss Mitigation
Trinity Financial Services, LLC

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



**THIS IS AN ATTEMPT TO COLLECT A DEBT.   ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS IS A COMMUNICATION FROM A DEBT COLLECTOR.**

**California Residents:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m.  They may not harass you by using threats of violence or arrest or by using obscene language.  Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work.  For the most part, collectors may not tell another person other than your attorney or spouse, about your debt.  Collectors may contact another person to confirm your location or enforce a judgment.  For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov

**Colorado Residents:**
A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer.  A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE, WWW.COAG.GOV/CAR

Constar Colorado Office: 2953 S Peoria St Suite 200 Aurora, CO 80014  303-500-5537 Hours: 9am – 5pm Monday through Friday

**Massachusetts Residents:**
You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment.  Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request.  You may terminate this request by writing to this agency.

**New York Residents:**
This collection agency is licensed in New York City, License # 1223510.

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: a) the use or threat of violence; b) the use of obscene or profane language; and c) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.



**North Carolina:**

North Carolina Department of Insurance Permit #112476.

**Tennessee:**

This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance, James Robertson Parkway, Nashville, Tennessee 37243.

**Texas:**

Complaints regarding the servicing or your mortgage should be sent to the department of savings and mortgage lending, 2601 N. Lamar Blvd., suite 201, Austin TX 78705. A toll-free consumer hotline is available at (800) 276-5550."

**West Virginia:**

The activities of collection agencies in West Virginia are regulated by the Attorney General's Consumer Protection Division, 812 Quarrier St., Charleston, WV 25301.   Federal law prohibits agencies from contacting you about your debt if you send a letter requesting that all contacts stop.

**Wisconsin:**

This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org. P.O. Box 7876, Madison, Wisconsin 53707.

**Utah Residents:**

As required by Utah law, you are hereby notified that a negative credit report reflecting on our credit report may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

**NOTICE TO DEBTOR(S) IN BANKRUPTCY:** This paragraph is a special notice to our customers who have filed a petition for protection under the United States Bankruptcy Code. Unless you have signed a reaffirmation agreement with the lender, and that agreement has been filed with the bankruptcy court (and not subsequently rescinded or disallowed in accordance with the Bankruptcy Code), you should disregard all portions of this letter which state or suggest that you still have a personal liability to pay the lender. You may wish to consult with an attorney regarding this letter, your bankruptcy and the ability of the lender to enforce its lien on collateral, if any. If you have obtained a discharge under the Bankruptcy Code this letter is for informational purposes or to protect our interests in any collateral.