# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREA UBALDI, on behalf of herself and all others similarly situated,<br><br>    Plaintiffs,<br><br>-vs-<br><br>NEWPORT BEACH LAW GROUP, APLC, BEN POURCHO, ESQ; TRINITY FINANCIAL SERVICES, LLC; and JOHN DOES 1-25,<br><br>    Defendants. | Civil Case No.: 2:18-cv-02304 KSH-CLW<br><br>**Civil Action**<br><br>**CLASS SETTLEMENT AGREEMENT** |

This Class Settlement Agreement dated as of _____, 2018, ("Agreement"), is made and entered into by and among the following Parties, as those terms are defined herein: (i) Plaintiff, ANDREA UBALDI, on behalf of herself and each of the Settlement Class members, by and through Class Counsel; and (ii) the Defendants, NEWPORT BEACH LAW GROUP, APLC, BEN POURCHO, ESQ; TRINITY FINANCIAL SERVICES, LLC, by and through their counsel of record in this Litigation.[1] This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle all released rights and claims, as set forth below, subject to the terms and conditions set forth herein.

## RECITALS

1.   **Parties.**  Defendants, NEWPORT BEACH LAW GROUP, APLC, BEN POURCHO, ESQ; TRINITY FINANCIAL SERVICES, LLC (collectively as "Defendants") and Plaintiff ANDREA UBALDI, ("Plaintiff") individually, and as representative of the class of persons defined below in Paragraph 8 (the "Settlement Class"), enter into this Agreement as to the claims of Plaintiff and the Settlement Class arising from Defendants' collection letters attached as Exhibit A and Exhibit C to Plaintiff's Complaint in this Litigation [ECF Doc. 1, Exhibit A and Exhibit C]. Plaintiff and Defendants are collectively referred to hereinafter as the "Parties."

---

[1] As used in this Agreement, capitalized terms shall have the meanings and definitions set forth herein.

2. **Nature of litigation.** On February 18, 2018, Plaintiff, individually and on behalf of a class, filed this lawsuit in the United States District Court for the District of New Jersey, which was captioned as ANDREA UBALDI, *et al* v. NEWPORT BEACH LAW GROUP, APLC *et al*., D.N.J. Case No.: 2:18-cv-02304 (KSH)(CLW) (the "Litigation"). [ECF Doc. 1]. The Litigation alleged Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"), by sending consumers written collection letters, which allegedly made false, deceptive, and misleading statements in an effort to collect a debt. Defendants each filed an answer to the complaint denying it violated the FDCPA and denying all liability to Plaintiff and the Settlement Class. [ECF Doc. 19 and 21].

The Parties subsequently engaged written discovery and extensive arms-length discussions to resolve the Litigation, which included the informal exchange of information and documents relevant to Plaintiff's class claims and damages and reached a settlement which ultimately culminated with this Agreement.

3. **Denial of Liability.** As noted, supra, Defendants deny violating the FDCPA and deny all liability to Plaintiff and the Settlement Class. Defendants' desires to settle the claims brought solely to avoid the burden and uncertainty of further litigation, and to put to rest all claims related to its collection letters, which are attached as Exhibit A and Exhibit C to Plaintiff's Complaint in the Litigation [ECF Doc. 1, Exhibit A and Exhibit C], and all claims which have or could have been asserted by Plaintiff and the Settlement Class against Defendants in the Litigation.

4. Plaintiff, individually and on behalf of the Settlement Class, desires to settle her claims against Defendants, having taken into account through Plaintiff's counsel the risks, delay, and difficulties involved in establishing a right to recovery in excess of that offered by this settlement and the likelihood that the Litigation will be further protracted.

5. Plaintiff's counsel has conducted an extensive investigation of the facts and applicable law, including, but not limited to, exchanging formal and informal written discovery. Based on the foregoing, and upon an analysis of the benefits afforded by this Agreement, Plaintiff's counsel considers it to be in the best interest of the Settlement Class to enter into this Agreement.

6. In consideration of the foregoing and other valuable consideration, Plaintiff, Plaintiff's counsel, Defendants and Defendants' counsel collectively agree to settle the claims of the Plaintiff and the Settlement Class arising from the Defendants' collection letters attached as Exhibit A and Exhibit C to Plaintiff's Complaint in the Litigation, subject to the Court's approval, on the following terms and conditions.

# TERMS

7. **Effective Date.** This Agreement shall become effective (hereinafter the "Effective Date") upon the expiration of five (5) days from the date the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses with prejudice the claims alleged by Plaintiff and the Settlement Class in the Complaint.

8. **Certification of Settlement Class.** For the purposes of settlement, the Parties stipulate to the certification of the Settlement Class, which is defined as:

> All New Jersey Consumers who were sent notices or letters from NEWPORT BEACH LAW GROUP, APLC, and/or BEN POURCHO, ESQ., and/or TRINITY FINANCIAL SERVICES, LLC, between February 18, 2017 and September 12, 2018 concerning a debt owned by TRINITY FINANCIAL SERVICES, LLC, which contain the alleged conduct and practices described in the Complaint.

> AND/OR

> All New Jersey consumers who were sent letters and/or notices from TRINITY FINANCIAL SERVICES, LLC after TRINITY FINANCIAL SERVICES, LLC knew or should have known that such consumers were represented by an attorney during that same period.

9. **Class Size.** During discovery, Defendants have provided documentation to Class Counsel concerning the number of claims and class members ("Class Members"). Specifically, that there are approximately 48 persons who fit within the class definition and, therefore, are in the Settlement Class.

10. **Relief to Plaintiff and the Settlement Class.** In view of all the foregoing, Defendants shall provide the following relief to Plaintiff and the Settlement Class:

> (a) Defendants will create a class settlement fund of $12,000.00 ("Class Recovery"), which Class Administrator will distribute to those Class Members who do not exclude themselves. Checks issued to Class Members will be void sixty (60) days from the date of issuance (the "Void Date"). If any portion of the Settlement Class Recovery remains after the Void Date on the Class Members' checks, these remaining funds will be

3

        distributed as set forth in ¶10(d);

(b)     Defendants shall pay $1,000.00 to the named Plaintiff for her statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i), plus an additional $500.00 in recognition of her service to the Settlement Class. Therefore, the named Plaintiff will received $1,500.00;

(c)     Defendants shall pay all printing, copying and mailing costs associated with providing notice to the Settlement Class under this class settlement and administering the class settlement, which shall be handled by Class Counsel;

(d)     Any checks that have not been cashed by the Void Date, along with any unclaimed funds remaining in the Class Recovery, will be donated as a *cy pres* award to a charitable organization. The Parties propose that the *cy pres* award be donated to the National Consumer Law Center. The Parties' selection of the forgoing *cy pres* recipient is subject to the Court's approval at the time of the final fairness hearing;

(e)     Subject to the Court's approval, Defendants agree to pay Class Counsel $25,000.00 as reasonable attorneys' fees and costs incurred in the prosecution of a "successful action" under 15 U.S.C. § 1692k. The award of fees, costs, and expenses to Class Counsel shall be in addition to and shall not in any way reduce the settlement amounts to be provided to the Settlement Class Members.

11.     Class Members shall have forty-five (45) days after mailing of the notice of the proposed settlement to complete and postmark a request to "opt-out" the proposed settlement or to object to the proposed settlement.

12.     Any Class Members may seek to be excluded from the Agreement by opting out within the time period set by this Court. Any Class Members desiring to exclude themselves from the Agreement must serve copies of the request on Class Counsel and Defendants' counsel at the addresses listed in Paragraph 26 of this Agreement by the date set by the Court. Any Class Member who "opts-out" of the Settlement Class and the Agreement shall not be bound by any prior court

order or the terms of the Agreement.

13.  Any Class Member may object to this Agreement by sending said objection to the Clerk of the Court and serving copies of the objection on Class Counsel and Defendants' counsel at the addresses set forth in Paragraph 26 of this Agreement within the time period set by the Court. Any objection must include the name and number of the case and a statement of the reason why the objector believes that the Court should find that the Agreement is not in the best interests of the Settlement Class. Any Settlement Class Member who objects to the Agreement may appear at the Final Approval Hearing and, subject to Court approval, be heard on the fairness of the settlement.

14.  Within 10 days before the Effective Date, Defendants shall distribute all monies set forth in Paragraphs 10(a), 10(b), and 10(e) to: "Jones, Wolf & Kapasi, LLC – Trust Account", and within 30 days after the Effective Date, Jones, Wolf & Kapasi, LLC shall disburse those monies in accordance with this Agreement.

15.  **Release.** Upon the Effective Date, the Parties grant the following releases:

   (a)  Plaintiff, Andrea Ubaldi each and every one of her respective agents, representatives, heirs, assigns, or any other person acting on their behalves or for their benefit, and any person claiming through them (collectively "Releasors"), releases and discharges each Defendant, as well as its parent corporations, predecessors and successors in interest and present and former affiliates, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns, (in their respective capacities as officers, directors, agents, employees, members, shareholders, general partners, limited partners, beneficiaries, representatives, attorneys, or assigns for Defendants) (collectively, "Released Parties"), from all causes of action, suits, claims, or demands, in law or in equity, known or unknown at this time which Releasors now have or ever had against the Released Parties, or any of them, under any legal theory, whether or not alleged, related to or arising from matters that occurred from the beginning of time up through the Effective Date. Without limiting the generality of the foregoing, Releasors release the Released Parties of all claims that were made or that could

5

     have been made in this lawsuit including all claims relating to Defendants' collection activity.

  (b) Each Class Member who does not "opt-out" releases and discharges the RELEASED PARTIES of all causes of action, suits, liability, and claims, including claims for the payment of attorneys' fees and costs arising out of or related to Defendants' collection letters that are the subject of this Litigation.

  (c) IT IS EXPRESSLY STATED that the releases above DO NOT release any claim or defense Plaintiff and each Class Member may have with respect to the underlying debts which Defendants were attempting to collect, including, but not limited to, (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus.

  (d) Defendants do NOT release their claims, if any, against Plaintiff or any Class Member for the payment of their alleged debts. The underlying debts Defendants sought to collect are not affected by this Agreement. This Agreement does not prevent Defendants from continuing to attempt to collect the debts allegedly owed by Class Members.

16. The releases set forth herein are conditioned upon the Court's approval of the Agreement and Defendants meeting their obligations herein. If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the Parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

17. **Notice Costs and Related Matters.** Defendants will pay all printing, copying and mailing costs of providing notice to the Settlement Class and settlement administration, as described above in Paragraph 10(c).

18. **Notice.** Within ten (10) days of entry of the Preliminary Approval Order, Defendants shall provide Jones, Wolf & Kapasi, LLC and/or Class Administrator with a spreadsheet containing the names last known and addresses of the Settlement Class Members, according to Defendants'

6

business records. Within twenty (20) days of entry of the Preliminary Approval Order, Jones, Wolf & Kapasi, LLC and/or Class Administrator shall cause actual notice to be sent to Settlement Class Members using Defendants' foregoing spreadsheet. The Jones, Wolf & Kapasi, LLC and/or Class Administrator shall distribute the notice via any form of U.S. Mail providing address forwarding. Each notice shall be sent with a request for forwarding addresses. In the event that a notice is returned as undeliverable and a forwarding address is provided, the Jones, Wolf & Kapasi, LLC and/or Class Administrator shall cause to be forwarded any such returned notice to the address provided within seven (7) days of receipt. Neither the Jones, Wolf & Kapasi, LLC and/or Class Administrator, Defendants, nor Plaintiff is required to skip trace any notices that are returned as undeliverable.

19.   Defendants shall provide notice of this proposed class settlement to the appropriate state and federal authorities, and file proof of same with the Court, in compliance with the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA").

20.   **Preliminary Approval.** As soon as practicable after execution of this Agreement, the Parties shall make application to the Court for the Preliminary Approval Order, attached to the Notice of Motion as Exhibit C, which:

- (a)   Preliminarily approves this Agreement;

- (b)   Certifies the Settlement Class defined in Paragraph 8 for settlement purposes;

- (c)   Appoints Joseph K. Jones, Esq. as Class Counsel;

- (d)   Appoints Plaintiff, Andrea Ubaldi, as the representatives of the Settlement Class;

- (e)   Sets dates for Settlement Class members to "opt-out" or to object;

- (f)   Schedules a hearing for final approval of this Agreement;

- (g)   Approves notice to the Settlement Class, to be directed to the last known address of Settlement Class Members as shown in Defendants' business records;

7

      (h)    Finds that mailing of the Settlement Class notice and the other measures specified in Paragraph 18 are the only notice required to the Settlement Class and that such notice satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws.

21.    The Parties agree to request the form of notice to the Class Members and proposed the form of preliminary approval order attached to the Notice of Motion. The fact that the Court may require non-substantive changes in the proposed class notice or preliminary approval order does not invalidate this Agreement.

22.    **Final approval.** At the conclusion of, or as soon as practicable after, the hearing on the fairness, reasonableness and adequacy of this Agreement, and the expiration of at least ninety (90) days from the preliminary approval of the settlement (as required by CAFA), Plaintiff, Class Counsel, Defendants, and Defendants' counsel shall request that the Court enter a Final Order:

      (a)    approving the terms of this Agreement as fair, reasonable, and adequate;

      (b)    providing for the implementation of its terms and provisions;

      (c)    certifying the Settlement Class for settlement purposes;

      (d)    finding that the notice given to the Settlement Class satisfies the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution, and any other applicable laws;

      (e)    dismissing the claims of Plaintiff and the Settlement Class alleged in the Complaint without prejudice and further costs except as provided herein;

      (f)    retaining exclusive jurisdiction to enforce the terms of this Agreement;

      (g)    directing Class Counsel, after all money has been distributed from the Class Recovery and no later than thirty (30) days

        after the Void Date, to file a notice apprising the Court that the terms of Agreement have been complied with and providing an accounting of how the Class Recovery was distributed; and

    (h)    directing that ten (10) days after the filing of the notice contemplated in Paragraph 22(g) above, the dismissal of the claims of Plaintiff and the Settlement Class shall be with prejudice and without costs, absent a timely motion by either Plaintiff or Defendants.

23.    The Parties agree to request the form of final order attached to the Notice of Motion. Any required non-substantive changes in the final order does not invalidate this Agreement.

24.    **Release of Attorneys' Lien.** In consideration of this Agreement, Class Counsel hereby discharges and releases the "Released Parties," as defined in Paragraph 15(a) above, of and from any and all claims for attorneys' fees or costs, by lien or otherwise, other than the amount of Class Counsels' fees and costs to be determined and distributed pursuant to Paragraph 10(e).

25.    **Miscellaneous Provisions.** The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Agreement and to use their best efforts to effect the consummation of this Agreement and the settlement provided for herein including, but not limited to, resolution of the amount of Class Counsel's attorneys' fees and costs prior to the fairness hearing. Whether or not this Agreement is consummated, it shall in no event be construed as, or be deemed to be, evidence of an admission on the part of Defendants of any liability to the Settlement Class.

26.    Notices of exclusion requests and objections related to this Agreement shall be sent to:

<u>Counsel for Plaintiff</u>:

Joseph K. Jones, Esq.
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, NJ 07004
Telephone: 973.227.5900
Facsimile: 973.244.0019
Email: jkj@legaljones.com
<u>Counsel for Defendants</u>:

9

Michael R. O'Donnell, Esq.
RIKER DANZIG SCHERER HYLAND & PERRETTI LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, New Jersey 07962
*Attorneys for Defendant: Trinity Financial Services, LLC*

Mitchell L Williamson, Esq.
Barron & Newburger, PC
458 Elizabeth Ave., Suite 5371
Somerset, N.J. 08873
*Attorneys for Defendants, Newport Beach Law Group APLC and Ben Pourcho*

The persons and addresses designated in this Paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

27. The foregoing constitutes the entire agreement between the Parties with regard to the subject matter hereof and may not be modified or amended except in writing, signed by all Parties hereto, and approved by the Court.

28. This Agreement may be executed in multiple counterparts, with electronic signatures in which case the various counterparts shall constitute one instrument for all purposes. The several signature pages may be collected and annexed to one or more documents to form a complete copy. Photocopies of executed copies of this Agreement may be treated as originals.

29. Each and every term of this Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Settlement Class, and any of their successors and personal representatives, and shall bind and shall inure to the benefit of the Released Parties, all of which persons and entities are intended to be beneficiaries of this Agreement.

30. This Agreement shall be governed by and interpreted in accordance with the laws of the State of New Jersey.

31. If final approval is granted, the Parties shall retain the Settlement Class list and a list of Settlement Class members who opted out or excluded themselves for six months thereafter, and may destroy them after that period.

32. If any Party commences any action arising out of this Agreement, including, without

limitation, any action to enforce or interpret this Agreement, the prevailing party or parties in such action shall be entitled to recover their reasonable attorneys' fees and other expenses incurred in such action. Any award of attorneys' fees and expenses hereunder shall not be computed according to any court schedule, but, instead, shall be in such amount as to fully reimburse all attorneys' fees and expenses actually incurred in good faith, regardless of the size of the judgment, since it is the intention of all Parties to compensate fully the prevailing party for all attorneys' fees and expenses paid or incurred in good faith.

[Signatures on Following Page]

IN WITNESS WHEREOF, the Parties hereto, acting by and through their respective counsel of record, have so agreed:

| Plaintiff, Andrea Ubaldi, on behalf of themselves and all others similarly situated, | Defendant, TRINITY FINANCIAL SERVICES, LLC |
|---|---|
| *Andrea Ubaldi* (signature) <br> ANDREA UBALDI <br> Dated: 2/26/19 | By: *(signature)* <br> Dated: |

Defendant, NEWPORT BEACH LAW GROUP, APLC

*Mitch Williamson* (signature)
By: Mitchell L. Williamson, Esq.
Dated: 2/27/19   Attorney

Defendant, BEN POURCHO, ESQ

*Mitch Williamson* (signature)
By: Mitchell L. Williamson, Esq.
Dated: 2/27/19   Attorney

12