UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREA UBALDI, on behalf of herself and all others similarly situated,<br><br>*Plaintiffs*,<br><br>-vs-<br><br>NEWPORT BEACH LAW GROUP, APLC, BEN POURCHO, ESQ; TRINITY FINANCIAL SERVICES, LLC; and JOHN DOES 1-25,<br><br>*Defendants*. | Civil Case No.: 2:18-cv-02304 KSH-CLW |

## FINAL APPROVAL ORDER OF THE CLASS ACTION SETTLEMENT

This matter came for hearing on **MAY 30, 2019**, upon the application (the "Motion") of ANDREA UBALDI, ("Plaintiff" and/or "Class Representative"), and a class of persons similarly situated (collectively the "Class Members"), for approval of the Class Action Settlement Agreement, dated February 27, 2019 (the "Agreement"). Due and adequate notice having been given to the Class Members, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this action, and good cause appearing:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

1. On February 28, 2019, this Court preliminarily approved the Agreement reached between Plaintiff and Defendants for the claims alleged in the above-captioned matter *Andrea Ubaldi, et al v. Newport Beach Law Group, APLC, et al, D.N.J. Case No.: 2:18-cv-02304 KSH-CLW* filed in the United States District Court for the District of New Jersey (the "Litigation"). The Court approved a form notice for mailing to the class. The Court is informed that actual

notice was sent by first-class mail to 54 individuals who are deemed Class Members. A total of 9 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and zero envelopes were returned and re-mailed to a forwarding address. Zero Class Members submitted timely requests for exclusion and zero Class Member(s) requested exclusion after the deadline of May 13, 2019. Zero Class Member(s) sent letter(s) that is/are ambiguous. The Court has found that zero Class Members opted into the Agreement, zero Class Members excluded themselves from the Agreement, and zero Class Members objected to the Agreement.

2. The Court, for purposes of this Final Order of Dismissal (the "Final Order"), adopts all defined terms as set forth in the Agreement.

3. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiff and Class Representative, the other Class Members, and the Defendants.

4. The Court finds that the distribution of the Notice of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the class, and fully met the requirements of New Jersey law and due process under the United States Constitution.

5. The Court approves the settlement of the above-captioned action, as set forth in the Agreement, the release, and other terms, as fair, just, reasonable, and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6. Except as to any individual claim of Class Members who have requested exclusion from the class, all of the Released Claims, as defined in the Agreement, are dismissed without prejudice as to the Plaintiff and Class Representative and the other Class Members, and as against the Released Parties, as defined below. The Parties are to bear their own costs, except

as otherwise provided in the Agreement.

      7.      For purposes of settlement the parties stipulate to the following class:

All New Jersey Consumers who were sent notices or letters from NEWPORT BEACH LAW GROUP, APLC, and/or BEN POURCHO, ESQ., and/or TRINITY FINANCIAL SERVICES, LLC, between February 18, 2017 and September 12, 2018 concerning a debt owned by TRINITY FINANCIAL SERVICES, LLC, which contain the alleged conduct and practices described in the Complaint.

AND/OR

All New Jersey consumers who were sent letters and/or notices from TRINITY FINANCIAL SERVICES, LLC after TRINITY FINANCIAL SERVICES, LLC knew or should have known that such consumers were represented by an attorney during that same period.

The parties represent that there are a total of 54 members of the Class.

      8.      The Court finds that the stipulated class meets the requirements of Rule 23. Specifically, the Court finds that:

      (a)      The class is so numerous that joinder is impracticable.

      (b)      There are questions of law and fact common to the Class Members, which common questions predominate over any questions that affect only individual Class Members.

      (c)      Plaintiff's claims are typical of the claims of the Class Members.

      (d)      Plaintiff and her counsel ("Class Counsel") have fairly and adequately represented the interests of the Class Members.

      (e)      A class action is superior to other alternative methods of adjudicating the issues in dispute between the parties.

      9.      Excluded from the Class are zero Class Members, who timely and validly requested exclusion.

      10.      Defendants will maintain a list of Class Members who are subject to the Release.

      11.      Each Class Member who has not opted out does hereby release and forever discharge the Defendants and their Related Parties (hereinafter, "the Released Parties") from all

causes of action, suits, claims, and demands, whatsoever, known or unknown, in law or in equity, which the Class Members now have, ever had, or hereafter may have against the Released Parties, for any violations of the FDCPA arising out of the claims alleged on behalf of the Class Members in the Complaint. This Agreement does not address the validity of the debts allegedly owed by the Class Members. Plaintiff and the Class Members do not release their right to dispute any alleged debt or any part of an alleged debt unrelated to the collection letters at issue. This release is conditioned on the final approval of the Agreement by the Court and Defendants meeting their obligations therein.

12. Plaintiff, her assigns, heirs, successors, agents, attorneys and personal representatives do hereby release and forever discharge the Released Parties of and from all causes of action, suits, claims and demands, whatsoever, known or unknown, in law or in equity arising from the facts alleged in the Complaint. This release is conditioned on the final approval of the Agreement by the Court and Defendants meeting their obligations therein.

13. Plaintiff and the Class Members do not waive or release any defenses available to them, if any, in defense of any underlying debt.

14. Subject to Court approval, for their actual and statutory damages and for her service as Class Representative, Andrea Ubaldi, will receive One Thousand Five Hundred Dollars ($1,500.00) as a monetary incentive award within 10 days after the Effective Date, which is defined in the Agreement as 5 days after the date this Final Order is entered by the Court.

15. Within 10 days of the Effective Date, Defendants shall pay the sum of $12,000.00 to Class Counsel, who is also acting as Class Administrator, to be distributed equally to those Class Members who do not exclude themselves from the Agreement (the "Class Settlement Fund").

16. Neither the Agreement nor the settlement contained therein, nor any act

performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

> a. is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or
>
> b. is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Final Order from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

17. The Court dismisses the claims of Plaintiff and the Class Members against Defendants with prejudice and without costs.

18. Within ten (10) days after the Effective Date, Defendants shall make all payments required by the Agreement.

19. Within thirty (30) days of the Effective Date, the Class Administrator shall issue the checks and deliver them to the Class Members who do not exclude themselves from the Agreement.

20. If any Class Member fails to cash a settlement check within sixty (60) days of mailing ("Void Date"), the check will be void, Defendants shall be released from any related obligation to the Class Member, and the Class Member's right to receive benefits in the Action and pursuant to the Settlement shall be deemed forfeited. The Class Member(s)' releases stated herein and in the Agreement shall remain.

21. The Court designates the National Consumer Law Center as the *cy pres* recipient. Class Counsel shall issue the *cy pres* award to the National Consumer Law Center within 30 days of the Void Date.

22.     When all of the following have been completed: (i) payments to Plaintiff and the Class Members, (ii) the expiration of thirty (30) days after the Void Date, (iii) payment of attorney's fees, and (iv) payment of the *cy pres* award, the Class Administrator shall file a "Notice of Compliance" that Class Counsel has complied with the terms of the Agreement and all Class Members who are entitled to receive checks have been issued checks, and any money remaining in the Class Settlement Fund has been donated to the *cy pres* recipient, National Consumer Law Center. The Notice of Compliance will request that the Court convert the dismissal of the claims of Plaintiff and the Class Members against Defendants and the Released Parties in this Order to a dismissal with prejudice.

23.     The Court has reviewed Class Counsel's petition for attorneys' fees of $25,000,00 and costs of $3,500.00 to Simpluris, Inc., the class administrator. The Court finds that Class Counsel's petition is fair and reasonable. Defendants shall pay $25,000.00 to Class Counsel and costs of $3,500.00 to Simpluris, Inc., in accordance with the Agreement. Payment shall be made within ten (10) days of the Effective Date.

24.     The Court reserves exclusive and continuing jurisdiction over the Litigation, the Plaintiff and the Class Representative, the Class Members and the Released Parties for the purpose of: supervising the implementation, enforcement, construction, administration and interpretation of the Agreement and this Final Order and Judgment.

25.     This case is hereby terminated. This is a final decision for purposes of 28 USC Section 1291.

SO ORDERED this 3o day of May, 2019.

_____
Honorable,